IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA LARSEN-ANSTINE, Individually and as the Wrongful Death Beneficiary and as the Administrator of the Estate of KENNETH LARSEN, Deceased, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | 3:07-CV-290-M |
| SHELL OIL COMPANY, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions to Dismiss and Motions for More Definite Statement filed by Chevron U.S.A., Inc., ExxonMobil Oil Corporation, Union Oil Company of California d/b/a Unocal, Texaco Inc., and Texaco Aviation Products, LLC. For the reasons stated below, Defendants' Motions are **DENIED**.

Background

Plaintiff filed her Original Complaint in this case on February 13, 2007. Plaintiff made the following allegations against Defendants:

> Kenneth Larsen was employed in various mechanical and technical capacities by the United States Air Force at bases in California, Texas, the Phillippines and South Dakota from approximately 1957–1977. During this time, Decedent was exposed to toxins and carcinogens, specifically benzene, as an ingredient, component or contaminant in JP-4 and other aviation gas (hereinafter "Jet Fuel") manufactured, marketed, sold and/or supplied by Defendants. Decedent's exposures to benzene-containing Jet Fuel were a legal cause of his leukemia and subsequent death on February 15, 2005.

1

> Defendants are liable in their capacity for manufacturing, selling, marketing, distributing, and/or designing Jet Fuel that was defective, hazardous and/or carcinogenic.

Plaintiff's Original Complaint at 3, ¶¶17–18.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and move for a More Definite Statement, pursuant to Fed. R. Civ. P. (e). Defendants argue that since Plaintiff has failed to plead any factual allegation relating to duty, breach, or the causation of damages, and failed to make any factual allegation that the Decedent, Kenneth Larsen, used any product manufactured by the Defendants or worked at a facility owned by the Defendants, Plaintiff has failed to state a claim and Defendants are unable to craft reasonable responses.

## Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiff, and all well-pled facts in the complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted). Factual allegations must be sufficient to raise a right to

relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

A party may move for a more definite statement before interposing a responsive pleading "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Given the "great liberality" of this Rule permitting notice pleading, "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). "[A] motion for a more definite statement may not be used as a substitute for discovery." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001) (citing *Mitchell* at 132). "[M]otions for a more definite statement are generally disfavored," and "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004).

<u>Analysis</u>

Defendants' Motions to Dismiss Plaintiff's Complaint are based on Plaintiff's failure to delineate in her Original Complaint the particular instances in which the Decedent used products

3

manufactured, marketed, sold and/or supplied by each individual Defendant. However, given the notice pleading standard in Fed. R. Civ. P. 8, there is no such requirement that Plaintiff detail the particular facts constituting the causes of action. *See Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 278 (5th Cir. 1990) ("The federal rules have dropped the requirement that the pleadings state the facts constituting the cause of action and insist merely on notice . . ..").

Plaintiff's factual allegations in the Original Complaint are sufficient to put the Defendants on notice as to Plaintiff's claims and constitute more than a "formulaic recitation of the elements of a cause of action." Plaintiff has alleged a time period when, and various locations where, the Decedent was exposed to benzene-containing JP-4 and other aviation gas, which Plaintiff alleges the Defendants manufactured, marketed, sold and/or supplied. Plaintiff alleges that exposure to these products caused Decedent's leukemia and his subsequent death. Taking these facts as true, as this Court is bound to do when considering these Motions to Dismiss, the Court finds that Plaintiff has stated legally cognizable claims for negligence, strict liability, breach of warranty, misrepresentation and conspiracy, and gross negligence.[1] Plaintiff "need not outline all the elements" of these claims; Plaintiff's allegations are sufficient to draw an inference that the elements of these causes of action exist. *Walker*, 904 F.2d at 277.

The Complaint is sufficient under Fed. R. Civ. P. 8 to withstand Defendants' Motions to Dismiss, and the Court will not require a more definite statement under Fed. R. Civ. P. 12(e). Defendants have answered the Complaint. Defendants, therefore, cannot complain that they "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

---

[1] The Court notes that Defendants do not specify for which particular claims Plaintiff has failed to state a claim, but moves to dismiss the entire Complaint.

Defendants are seeking information, such as the specific diagnosis of disease that the Decedent received and the locations at which Plaintiff alleges the Decedent was exposed to harmful chemicals. Such information is best sought through discovery.

<u>Conclusion</u>

For the foregoing reasons, the Motions to Dismiss and Motions for More Definite Statement filed by Chevron U.S.A., Inc., ExxonMobil Oil Corporation, Union Oil Company of California d/b/a Unocal, Texaco Inc., and Texaco Aviation Products, LLC are **DENIED**.

**SO ORDERED.**

**DATED:** July 19, 2007.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS